United States District Court
Southern District of New York

------------------------------------------------------------------------------ X
Gizella Weisshaus, :
                                                      Plaintiff    :       Civil Action #
        - against -                                                 :      08-cv-4053 (DLC)
                                                                           :
The State of New York; :
The Office of Court Administration :
    of the Unified Court System; :
Thomas J. Cahill, in his official and individual capacity; :
Alan W. Friedberg, in his official and individual capacity; :
Judith N. Stein, in his official and individual capacity; :
Hal R. Lieberman, in his official and individual capacity; :
Saul E. Feder; :
Mel Urbach; :          ANSWER
Edward D. Fagan; and :          AND
John and Jane Does 1 – 20 :     COUNTERCLAIM
                                                            Defendants   :
------------------------------------------------------------------------------ X

        Defendant Edward D. Fagan ("Defendant" or Defendant Fagan") as and for his answer to Plaintiff's Amended Complaint, hereby alleges upon information and belief:

FIRST:        Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as contained in paragraph(s) "1 through 2" of the Amended Complaint.

SECOND:    Defendant denies the allegations as contained in paragraph(s) "3 through 4" of the Amended Compliant and specifically the allegations that Defendant Fagan was involved with a "whitewash" involving attorney misconduct or other allegations of fraud, harassment, breach of contract or breach of fiduciary duties. Further Defendant denies knowledge or information sufficient to form a belief as to the truth of the remainder of the Plaintiffs' allegations contained in paragraph(s) "8 through 14" of the Amended Complaint.

1

## JURISDICTION & VENUE

THIRD:   Defendant denies the allegations contained in paragraph(s) "5 through 6" of the Amended Complaint.

## THE PARTIES

FOURTH:   Defendant denies the knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph(s) "6 through 15" of the Amended Complaint.

FIFTH:   Defendant admits the allegations as contained in paragraph(s) "16" of the Amended Complaint.

SIXTH:   Defendant denies the knowledge or information sufficient to form a belief as to the truth contained in paragraph(s) "17" of the Amended Complaint.

SEVENTH:   Defendant denies the allegations as contained in paragraph(s) "18" of the Amended Complaint.

EIGHTH:   Defendant denies the allegations as contained in paragraph(s) "19" of the Amended Complaint.

NINTH:   Defendant denies the knowledge or information sufficient to form a belief as to the truth contained in paragraph(s) "20" of the Amended Complaint.

TENTH:   Defendant denies the knowledge or information sufficient to form a belief as to the truth contained in paragraph(s) "21" of the Amended Complaint, except as to pendency of proceedings in the State of New Jersey.

ELEVENTH:   As they relate to Defendant, the contained in paragraph(s) "22 through 29" of the Amended Complaint are denied. As they relate to or involve other Defendants, Defendant denies the knowledge or information sufficient to form a belief as to the truth contained in paragraph(s) "22

2

through 29 " of the Amended Complaint, except as to prior complaints Plaintiff filed against Defendant in the State of New York.

TWELFTH: As they relate to Defendant, the contained in paragraph(s) "30 through 34" of the Amended Complaint are denied. As they relate to or involve other Defendants, Defendant denies the knowledge or information sufficient to form a belief as to the truth contained in paragraph(s) "30 through 34 " of the Amended Complaint, except as to prior complaints Plaintiff filed against Defendant in the State of New York and was a witness in New Jersey proceedings against Defendant.

THIRTEENTH: Defendant denies the knowledge or information sufficient to form a belief as to the truth contained in paragraph(s) "35 through 37 " of the Amended Complaint.

## ANSWERING COUNT I

FOURTEENTH: In response to paragraph(s) "38 " of the Amended Complaint, Defendant repeats each admission or denial made herein as if fully set forth again.

FIFTEENTH: Defendant denies the knowledge or information sufficient to form a belief as to the truth contained in paragraph(s) "39 through 44 " of the Amended Complaint.

## ANSWERING COUNT II

SIXTEENTH: In response to paragraph(s) "45 " of the Amended Complaint, Defendant repeats each admission or denial made herein as if fully set forth again.

SEVENTEENTH: As they relate to Defendant, the contained in paragraph(s) "46 through 48" of the Amended Complaint are denied. As they relate to or involve other Defendants, Defendant denies the knowledge or information

sufficient to form a belief as to the truth contained in paragraph(s) "46 through 48".

## ANSWERING COUNT III

EIGHTEENTH: In response to paragraph(s) "49 " of the Amended Complaint, Defendant repeats each admission or denial made herein as if fully set forth again.

NINETEENTH: As they relate to Defendant, the contained in paragraph(s) "50 through 51" of the Amended Complaint are denied.  As they relate to or involve other Defendants, Defendant denies the knowledge or information sufficient to form a belief as to the truth contained in paragraph(s) "50 through 51".

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim against Defendant upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The injuries and losses of plaintiff, if they occurred, were caused by persons for whose actions this defendant is not legally responsible.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable Statute of Limitations.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of equitable estoppel.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of res judicata.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of collateral estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### NINTH AFFIRMATIVE DEFENSE

The plaintiffs are not entitle to recover against this defendant because they have failed to comply with the relevant statute of limitations.

### TENTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over the claims set forth in the complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

The plaintiffs' claims for punitive damages are barred as a matter of law under the applicable provisions of New York law.

### TWELFTH AFFIRMATIVE DEFENSE

The Amended Complaint fails to join indispensable parties thus precluding the Court from granting complete relief to the parties to this action.

WHEREFORE, the Defendant demands judgment in his favor as to all counts of the Plaintiff's Amended Complaint, dismissing said Complaint and all claims made against it therein and awarding costs, expenses and attorneys' fees incurred in defense of such claims plus interest; together with such other relief as this Honorable Court deems necessary and appropriate in the interest of justice.

## AS AND FOR A COUNTERCLAIM

Defendant/Counterclaimant Edward D. Fagan, as and for his counterclaim against Plaintiff/Counter Defendant Gizella Weisshaus, hereby alleges the following upon information and belief:

1. Defendant/Counterclaimant represented Plaintiff/Counter Defendant Gizella Weisshaus from approximately 1993 to 1998.

2. During that time, Defendant/Counterclaimant represented and protected Plaintiff/Counter Defendant when other lawyers refused to deal with her.

3. Plaintiff/Counter Defendant is a Holocaust survivor who endured terrible physical, psychological and emotional trauma at the hands of the Nazis.

4. Plaintiff/Counter Defendant suffered and continues to suffer from physical and psychological conditions that affect her judgment.

5. Defendant/Counterclaimant felt compassion for Plaintiff/Counter Defendant and provided whatever assistance and advice he could.

6. Plaintiff/Counter Defendant had and/or was involved in and/or initiated multiple lawsuits from 1993 to 1998 and many more since then.

7. During the period that Defendant/Counterclaimant represented Plaintiff/Counter Defendant, the Plaintiff/Counter Defendant failed to pay for services rendered.

8. During the period from 1993 – 1998, Plaintiff/Counter Defendant owed Defendant/ Counterclaimant thousands of dollars for legal services.

9. Plaintiff/Counter Defendant was a plaintiff in what has come to be known as the Swiss Banks case, filed as a class action in 1996.

10. However, during the course of prosecuting the case, Plaintiff/Counter Defendant began accusing Defendant/Counterclaimant of allowing other parties to interfere with what she

called "her case", she refused to cooperate with and/or was jealous of other plaintiffs, she took actions that were prejudicial to the interests of other claimants and started to request that Defendant/Counterclaimant take actions in the Swiss Banks case that were not proper, and were inconsistent with his responsibilities and/or to the rights and interests of all plaintiff victims.

11. Plaintiff/Counter Defendant's conduct was offensive to others involved in the case, who declined to work with her.

12. As a result of Plaintiff/Counter Defendant's conduct, Defendant/Counterclaimant requested and was given permission to be relieved as her counsel.

13. From 1998 forward, Plaintiff/Counter Defendant set out on a campaign in which she accused Defendant/Counterclaimant, Court appointed officers, Plaintiffs Counsel, organizations, other Holocaust survivors, other lawyers and even the Chief Judge of the Eastern District Edward R. Korman USDJ of stealing or allowing others to steal Holocaust victims monies.

14. From 1998 forward, Plaintiff/Counter Defendant made or caused complaints to be made to various disciplinary authorities against Defendant/Counterclaimant, as well as against other lawyers, Court and state officials.

15. From 1998 to the present, despite the attacks launched at him by Plaintiff/ Counter Defendant, Defendant/Counterclaimant – out of compassion for her suffering – held his tongue and declined to say anything against Plaintiff/Counter Defendant.

16. From 1998 to the present, Plaintiff/Counter Defendant made false statements against Defendant/Counterclaimant in an effort to embarrass and injure him, his family and his innocent clients.

17. Notwithstanding the false statements and attacks against Defendant/Counterclaimant,

7

professionally and personally when it came time for his fee application, Defendant Counterclaimant urged the Court to recognize the efforts of Plaintiff/Counter Defendant and to award her – out of Defendant Counterclaimant's own fees $100,000.

18. Plaintiff/Counterclaimant's response was to attack the Court, Court appointed counsel who informed her of Defendant/Counterclaimant's application and the award to her.

19. Even after her attacks, Plaintiff/Counterclaimant took the $ 100,000.

20. In 2004, after all her complaints against Defendant/Counterclaimant had been investigated and dismissed, Plaintiff/Counter Defendant contacted the New Jersey Disciplinary authorities and renewed her complaints.

21. Plaintiff/Counter Defendant provided the New Jersey Disciplinary authorities with false statements and forged documents and convinced the New Jersey Disciplinary authorities to prosecute Defendant/Counterclaimant.

22. Plaintiff/Counter Defendant testified against Defendant Counterclaimant in the New Jersey Disciplinary hearings and provided false testimony in those proceedings.

23. After the New Jersey Disciplinary hearings were over and after the NJ Special Master recommended Defendant/Counterclaimant be disbarred, based upon her sworn but false testimony, Plaintiff/Counter Defendant changed her story and disclosed certain documents that show her prior sworn testimony was misleading and false,

24. From February 2008 to the present, Defendant/Counterclaimant began to discover additional evidence to show that Plaintiff/Counter Defendants testimony to New Jersey authorities was false and based on fabricated evidence.

25. Plaintiff/Counter Defendant filed this complaint to further interfere with Defendant/ Counterclaimant's rights.

26. Plaintiff/Counter Defendant filed this complaint with intent to do harm to Defendant/

8

Counterclaimant without excuse or justification.

27. Plaintiff/Counter Defendant filed the complaint in order to obtain a collateral objective that is outside the legitimate ends of the process.

28. As a direct and proximate result of Plaintiff/Counter Defendant's aforesaid acts, Defendant/Counterclaimant has suffered monetary and non-monetary damages, including emotional distress.

29. As a direct and proximate result of Plaintiff/Counter Defendant's aforesaid acts, Defendant/Counterclaimant has suffered damages for which monetary damages are insufficient and which justify injunctive relief.

WHEREFORE, Defendant/Counterclaimant demands judgment against Plaintiff/ Counter Defendant for (i) compensatory damages in an amount to be determined by the Court, (ii) exemplary, special and/or punitive damages in the amount of $ 500 million dollars, (iii) injunctive relief, (iv) fees and costs of this action and (iv) such equitable relief as is appropriate and just.

Dated: New York, NY  
      December 28, 20008

Yours, etc  
Edward D. Fagan  
22 Courtlandt Street, 16th Flooor  
New York, NY  10007  
Tel (917) 239-4989  
Email: faganlaw@gmail.com

9