```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
GIZELLA WEISSHAUS,                      :
                        Plaintiff,      :
                                        :
           -v-                          :
                                        :
THE STATE OF NEW YORK; THE OFFICE OF    :
COURT ADMINISTRATION OF THE UNIFIED     :   08 Civ. 4053 (DLC)
COURT SYSTEM; THOMAS J. CAHILL, in his  :
official and individual capacity;       :        ORDER
JUDITH N. STEIN, in her official and    :
individual capacity; HAL R. LIEBERMAN,  :
in his official and individual          :
capacity; EDWARD D. FAGAN; ALAN W.      :
FRIEDBERG, in his official and          :
individual capacity; SAUL E. FEDER; MEL :
URBACH, and JOHN and JANE DOES, 1-20,   :
                        Defendants.     :
----------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/11/09

DENISE COTE, District Judge:

Pursuant to Orders of October 22, 2008 and January 7, 2009, motions to dismiss in the above-captioned matter were submitted by January 16, 2009. The January 7, 2009 Order requires pro se plaintiff Gizella Weisshaus to submit her opposition papers by February 13, 2009. Reply papers, if any, must be submitted by February 27, 2009.

On January 29, defendant Edward Fagan requested entry of a default against plaintiff for failure to answer, move, or otherwise respond to his counterclaims. Fagan's request included a Clerk's Certificate of Default stating that Fagan's affirmative defenses and counterclaims were served on plaintiff

by mail on December 29, 2008. As proof that Weisshaus was indeed served by mail, Fagan attached an e-mail notification he received from the Electronic Case Filing (ECF) system on December 28, 2008, stating that notice of Fagan's answer and counterclaims were delivered electronically to Fagan and Thomas Leghorn (counsel for defendant Saul Feder) and "delivered by other means" to Weisshaus at her address in Brooklyn. An Order of February 2, 2009 (the "February 2 Order") directed Fagan to follow the applicable Individual Rules and file an Order to Show Cause for Entry of Default by February 13, 2009. The February 2 Order made the Order to Show Cause returnable at 12:00 p.m. on Friday, February 27, 2009.

On February 10, two letters from plaintiff were received. One requested an additional thirty days to respond to defendants' motions to dismiss. The letter did not indicate whether defendants have consented to Weisshaus's request. The second letter asked that the February 2 Order be withdrawn because Weisshaus was served only by ECF, and not by mail or personal service. Plaintiff states that she learned of Fagan's answer and counterclaim only upon receiving a Notice of Default on January 28, 2009. During a conference held on the record on December 29, 2008, however, with both Weisshaus and Fagan present, Fagan stated that he had filed an answer and counterclaim the previous day. It is hereby

2

ORDERED that plaintiff's opposition to defendants' motions to dismiss must be submitted by **March 13, 2009.**

IT IS FURTHER ORDERED that reply papers, if any, must be filed by **March 27, 2009.**

IT IS FURTHER ORDERED that at the time any reply is served, the moving party shall supply two courtesy copies of all motion papers to the Pro Se Clerks' Office.

IT IS FURTHER ORDERED that all future requests for extensions shall reflect whether the adversary consents to the request.

IT IS FURTHER ORDERED that the February 2 Order shall remain in place. If Fagan does bring an Order to Show Cause, Weisshaus's February 10 letter shall be construed as an opposition to Fagan's Order to Show Cause, alleging improper service of Fagan's counterclaims. The issue of service will be addressed at the conference on February 27, 2009 at 12:00 p.m. at which the Order to Show Cause is returnable.

IT IS FURTHER ORDERED that if Fagan brings an Order to Show Cause for Entry of Default, he must submit a letter of no more than two pages by **February 20, 2009,** explaining 1) how service of his answer and counterclaims was made to plaintiff and 2) why his service method was sufficient under the law.

IT IS FURTHER ORDERED that the parties will direct all correspondence relating to this case to the Pro Se Clerk's Office at 500 Pearl Street, Room 230, New York, NY 10007.

IT IS FURTHER ORDERED that failure to comply with any of the terms of this Order may constitute grounds for the denial of requested relief, return of correspondence to plaintiff without further examination, dismissal of the action, the entry of judgment by default, or such other action as may be just under the circumstances.

SO ORDERED:

Dated:   New York, New York
         February 11, 2009

*(signed)*
DENISE COTE
United States District Judge

Copies sent to:

Gizella Weisshaus
203 Wilson Street
Brooklyn, NY 11211

Monica Anne Connell
Office of the Attorney General
120 Broadway, 24th Floor
New York, NY 10271

Edward D. Fagan
10 Ferncliff Terrace
Short Hills, NJ 07078

Thomas Arthur Leghorn
Wilson Elser Moskowitz Edelman & Dicker LLP
177 Broad Street
6th Floor
Stamford, CT 06901

Jonathan Robert Harwood
Traub Lieberman Straus & Shrewsberry LLP
Seven Skyline Drive
Hawthorne, NY 10532

Thomas Arthur Leghorn
Wilson Elser Moskowitz Edelman & Dicker LLP
3 Gannett Drive
White Plains, NY 10604