```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
GIZELLA WEISSHAUS,                       :
                    Plaintiff,           :
                                         :
          -v-                            :
                                         :
THE STATE OF NEW YORK; THE OFFICE OF     :
COURT ADMINISTRATION OF THE UNIFIED      :   08 Civ. 4053 (DLC)
COURT SYSTEM; THOMAS J. CAHILL, in his   :
official and individual capacity;        :   OPINION & ORDER
JUDITH N. STEIN, in her official and     :
individual capacity; HAL R. LIEBERMAN,   :
in his official and individual           :
capacity; EDWARD D. FAGAN; ALAN W.       :
FRIEDBERG, in his official and           :
individual capacity; SAUL E. FEDER; MEL  :
URBACH, and JOHN and JANE DOES, 1-20,    :
                    Defendants.          :
                                         :
-----------------------------------------X
```

Appearances:

For plaintiff:

Freddie J. Berg
Fred J. Berg Law Office
21 West 86th Street
New York, NY 10024

Pro se defendant:

Edward D. Fagan
10 Ferncliff Terrace
Short Hills, NJ 07078


DENISE COTE, District Judge:

This Opinion addresses a motion to disqualify this Court filed by plaintiff Gizella Weisshaus ("Weisshaus") on November

18, 2009.[1]  Pro se defendant Edward Fagan ("Fagan"), Weisshaus' former attorney, filed an opposition to plaintiff's motion on November 24.  The motion was fully submitted on November 25.  For the reasons discussed herein, the motion is denied.

BACKGROUND

The Court assumes familiarity with the underlying facts in this matter and discusses only those that are pertinent to this motion.  Weisshaus, a holocaust survivor, has been involved in several lawsuits over at least the past fifteen years.  Among these lawsuits, Weisshaus filed a RICO action in 1995 against the Union of Orthodox Rabbis of the United States and Canada ("Union") and six other defendants (the "RICO action").  See Weisshaus v. Ginsburg, No. 95 CIV. 589 (DLC), 1996 WL 103834 (S.D.N.Y. Mar. 08, 1996).  Defendant Fagan represented Weisshaus in that matter, which was before this Court.  Weisshaus alleged that she was misled into believing that an arbitration, which was conducted to resolve a real estate dispute regarding property owned by the plaintiff and another person, was being conducted under the auspices of the Union when in fact it was

---

[1] Plaintiff's motion to disqualify appears to have been docketed twice: once on November 20 [ECF Docket #74] and again on November 24 [ECF Docket #64].  This Opinion applies to both docket entries, as well as to plaintiff's motion styled "Request that the Court take Judicial Notice of Adjudicative Facts" [ECF Docket #72] filed with the motion to disqualify on November 18 and docketed on November 20.

not.  See id. at *1.  In an Opinion dated March 8, 1996, this Court dismissed Weisshaus' claims in the RICO action against all defendants, with the exception of defendant Rottenberg, who was in default.  See id. at *1 n.1 & *5.

Weisshaus filed a separate lawsuit in 1996 in the Eastern District of New York that was consolidated into In re Holocaust Victim Assets Litigation (the "Swiss Banks litigation"), which alleged that, inter alia, certain Swiss institutions aided and abetted the Nazi regime and looted the assets of Holocaust victims, including Weisshaus.  See In re Holocaust Victim Assets Litigation, 105 F.Supp.2d 139, 141 (E.D.N.Y. 2000) (No. 96 Civ. 4849).  Defendant Fagan originally represented Weisshaus in the Swiss Banks litigation.  While the parties reached a settlement in principle in 1998, id., Weisshaus opted out of the settlement because she believed that the attorneys were enriching themselves at the expense of the class.  No aspect of the Swiss Banks litigation was before this Court.

Weisshaus filed the complaint in the instant action on April 30, 2008.[2]  The complaint concerns claims related to alleged conduct of Weisshaus' attorneys in prior litigation, including the Swiss Banks litigation, and the rejection of ethics complaints she filed against them in 1998 and 2000.  See Weisshaus v. New York, No. 08 Civ. 4053(DLC), 2009 WL 2579215,

---

[2] An amended complaint was filed on September 29, 2008.

at *1 (S.D.N.Y. Aug. 20, 2009).  Except for defendant Fagan, who filed an answer and counterclaim on December 29, 2008, all other defendants filed motions to dismiss, which were granted in an Opinion dated August 20, 2009.  Id. at *5.  The remaining claims arise from the acrimonious relationship that developed between Weisshaus and Fagan and involves numerous allegations of wrongdoing on each side.

Pursuant to a Scheduling Order issued after the dismissal of Weisshaus' claims against all defendants except Fagan, fact discovery between Weisshaus and defendant Fagan was scheduled to close on October 30.  On October 27, Weisshaus -- who was proceeding pro se at the time -- filed a motion for a protective order to prevent defendant Fagan from taking her deposition.  In a November 2 Order, the Court denied Weisshaus' motion and ordered that her deposition take place before a Magistrate Judge during the week of November 9.[3]  Weisshaus' deposition was scheduled for November 12.  On November 12, present counsel for plaintiff, Freddie Berg ("Berg"), filed a notice of appearance on behalf of Weisshaus and informed the Magistrate Judge that Weisshaus would not appear for her scheduled deposition for medical reasons.  At a conference with Berg and defendant Fagan on November 19, the Court was informed that Weisshaus had filed

---

[3] A November 6, 2009 Order denied plaintiff's request for reconsideration of the denial of her motion for a protective order.

4

a motion to disqualify the Court from this matter.  The motion to disqualify is dated November 18 and was docketed on November 20 -- almost nineteen months after Weisshaus filed the complaint in this action.

The motion argues primarily that the Court should be disqualified because of decisions and knowledge gained during proceedings in this action purportedly related to the Swiss Banks litigation or the prior RICO action.  With respect to the Swiss Banks litigation, Weisshaus argues that recusal is necessary pursuant to 28 U.S.C. §§ 455(a), (b)(1) & (b)(2) because:  (1) the undersigned was appointed to the federal bench by President Clinton, whose administration was involved in settlement negotiations on behalf of the Conference on Jewish Material Claims Against Germany Inc. (the "Claims Conference"), which intervened in the Swiss Banks litigation and allegedly prevented Weisshaus from pursuing her claims; (2) this Court denied Weisshaus' motion for a temporary restraining order to block the attorneys retained by defendant Fagan in the Swiss Banks litigation from being compensated out of the settlement fund in that litigation[4]; (3) prior decisions by this Court

---

[4] Weisshaus does not provide any further details concerning the denial of her application for an order to show cause.  The docket in the instant action indicates that Weisshaus submitted an application for an order to show cause for a temporary restraining order by letter dated December 29, 2008, but it was returned unsigned pursuant to a December 29, 2008 Order for

5

reflect "a preconceived opinion" that the Swiss Banks litigation was a "class action," thereby prejudicing Weisshaus' prosecution of her claims[5]; (4) the undersigned served as the judge in prior proceedings involving companies, such as Ernst & Young LLP, that "obstructed and interfered" with Weisshaus' claims in the Swiss Banks litigation[6]; and (5) while a partner at the law firm of Kaye Scholer LLP ("Kaye Scholer"), the undersigned allegedly worked on behalf of the Claims Conference, which was a Kaye Scholer client.  With respect to the RICO action, Weisshaus argues that this Court should be disqualified pursuant to 28 U.S.C. § 455(b)(1) & (b)(3) because: (1) this Court dismissed Weisshaus' claims in the RICO action, which involved "directly or indirectly" defendants in this case; (2) this Court's Opinion in the RICO action cited a purported "fictional" New York State Supreme Court decision, which is part of the evidence in this case; and (3) defendant Fagan "started to embezzle plaintiff's escrow money" after this Court dismissed the RICO action.

---

failure to include an affidavit of service.  Weisshaus again submitted an application for an order to show cause on December 31, 2008, but it was denied without prejudice to refiling following a decision on any motions to dismiss filed by defendants pursuant to a January 21, 2009 Order.  The docket does not indicate any other action concerning an application for an order to show cause filed by Weisshaus.

[5] Weisshaus apparently contends that the Swiss Banks litigation was not a class action.

[6] Weisshaus does not identify the related litigation to which she refers.

Apart from the asserted grounds for disqualification related to the Swiss Banks litigation and the RICO action, Weisshaus further argues in her reply brief[7] that disqualification is necessary because: (1) the undersigned may have "sympathy" for defendant Fagan because he is a graduate of Cardozo Law School, where the undersigned once taught as an adjunct professor; (2) the undersigned received retirement benefits from Kaye Scholer; (3) the undersigned indicated in a statement submitted during the U.S. Senate confirmation process that she would recuse herself from litigation involving Kaye Scholer; and (4) this Court held <u>ex parte</u> communications with defendant Fagan in its Chambers.  Based on these allegations, Weisshaus argues that I should recuse myself from this matter.[8]

DISCUSSION

"To ensure that a party does not hedge its bets against the eventual outcome of a proceeding, a party must move for recusal at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim."  <u>United States</u>

---

[7] Weisshaus' reply brief exceeded the ten-page limit set by Rule 2B of this Court's Individuals Rules for Civil Cases. Nevertheless, all of the allegations and arguments contained therein have been considered.

[8] Weisshaus also quotes a comment about the undersigned made by an anonymous lawyer on a website.  Such a comment is not grounds for recusal and need not be addressed.

v. Amico, 486 F.3d 764, 773 (2d Cir. 2007) (citing Apple v. Jewish Hosp. & Medical Center, 829 F.2d 326, 333-34 (2d Cir. 1987)).  When evaluating timeliness, a court looks to four factors: whether "(1) the movant has participated in a substantial manner in trial or pre-trial proceedings; (2) granting the motion would represent a waste of judicial resources; (3) the motion was made after the entry of judgment; and (4) the movant can demonstrate good cause for delay."  Id. (citation omitted).

Pursuant to § 455(a), a judge must recuse herself "in any proceeding in which [her] impartiality might reasonably be questioned."  28 U.S.C. § 455(a); In re Basciano, 542 F.3d 950, 956 (2d Cir. 2008).  "[R]ecusal motions are committed to the court's sound discretion."  Wright v. C.I.R., 571 F.3d 215, 220 (2d Cir. 2009) (citation omitted).  "[A] judge should be disqualified only if it appears that he or she harbors an aversion, hostility or disposition of a kind that a fair-minded person could not set aside when judging the dispute."  Caperton v. A.T. Massey Coal Co., Inc., 129 S.Ct. 2252, 2266 (2009) (citation omitted).  The appropriate standard to be applied is "whether an objective, disinterested observer, fully informed of the underlying facts, would entertain significant doubt that justice would be done absent recusal."  Basciano, 542 F.3d at

8

956; see also United States v. Carlton, 534 F.3d 97, 100 (2d Cir. 2008).

Recusal pursuant to § 455(a) is generally limited to those circumstances in which the alleged partiality "stems from an extrajudicial source." Carlton, 534 F.3d at 100 (citing Liteky v. United States, 510 U.S. 540, 544 (1994)). Thus, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky, 510 U.S. at 555; see also Wright, 571 F.3d at 220. Furthermore, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky, 510 U.S. at 555; see also Carlton, 534 F.3d at 100.

Section 455(b) lists additional grounds for disqualification, several of which Weisshaus claims are relevant here. Pursuant to § 455(b)(1), a judge must recuse herself where she "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Under this provision, however, "knowledge acquired by the judge while [she] performs judicial duties does not constitute grounds for disqualification." Carlton, 534 F.3d at 101 & n.4 (citation

9

omitted); see also United States v. Coven, 662 F.2d 162, 168 (2d Cir. 1981). Pursuant to § 455(b)(2), a judge must recuse herself where "in private practice [she] served as lawyer in the matter or controversy, or a lawyer with whom [she] previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it." 28 U.S.C. § 455(b)(2); see generally Faulkner v. Nat'l Geographic Soc'y, 296 F.Supp.2d 488, 490-91 (S.D.N.Y. 2003), aff'd, 409 F.3d 26, 41-43 (2d Cir. 2005). Finally, pursuant to § 455(b)(3), a judge must recuse herself where she "has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy."

In this case, the timing of Weisshaus' recusal motion is fatal. Weisshaus filed the motion almost nineteen months after she filed the complaint and after this Court was assigned her case. Almost all of the grounds for disqualification raised in her motion existed at the time Weisshaus initiated this lawsuit. Weisshaus provides no reason why she could not have filed a recusal motion at the beginning of this litigation. Moreover, the Court has already expended significant resources in overseeing pre-trial proceedings and adjudicating Weisshaus' claims. As such, recusal at this stage would constitute a gross

10

waste of judicial resources.  Although Weisshaus filed the motion prior to final judgment, the motion was filed only after the dismissal of her claims against all defendants except Fagan, who did not file a motion to dismiss, and after the Court ordered Weisshaus to submit to a deposition.  Thus, all of the relevant factors weigh in favor of finding that Weisshaus' recusal motion is untimely.  See Amico, 486 F.3d at 773.

Even if the motion to disqualify were timely, the grounds raised by Weisshaus are wholly without merit.  None of the grounds suggested by Weisshaus would cause "an objective, disinterested observer, fully informed of the underlying facts," to question this Court's impartiality or ability to do justice in this case.  Basciano, 542 F.3d at 956.  The claim that a judge's appointment to the bench may cause the judge to feel allegiance to a president, whose administration was involved in settlement negotiations in litigation in which the plaintiff was involved in a different federal district, is far too attenuated to raise any specter of partiality or bias.  Cf. In re Drexel Burnham Lambert Inc., 861 F.2d 1307, 1313 (2d Cir. 1988) (stating that when the alleged interest of the judge "is remote, contingent, or speculative, it is not the kind of interest which reasonably brings into question a judge's impartiality.").  Moreover, any decisions made or opinion expressed by the Court in the instant lawsuit concerning the Swiss Banks litigation, or

any decisions made in the prior RICO action, are not extrajudicial sources of interestedness that constitute a valid basis for a bias or partiality motion.  See Liteky, 510 U.S. at 555; Wright, 571 F.3d at 220.  Likewise, knowledge of any disputed evidentiary facts relevant to this action that were gained while performing judicial duties does not constitute adequate grounds for disqualification.  See Carlton, 534 F.3d at 101 & n.4.[9]

The only extrajudicial sources of personal bias or prejudice alleged by Weisshaus are: (1) the fact that the undersigned was once an adjunct professor at the law school attended by defendant Fagan; and (2) purported ex parte communications with defendant Fagan in this Court's Chambers. Holding a teaching post at a party's alma mater is not a ground for recusal.  Further, without any further explanation as to what Weisshaus is referring, it is difficult to address her allegation concerning ex parte communications with defendant Fagan.  Suffice it to say, the undersigned harbors no bias in

---

[9] Weisshaus' argument that recusal is warranted pursuant to § 455(b)(3) because of the dismissal of her claims in the RICO action is misplaced.  Under § 455(b)(3), a judge must recuse herself where, inter alia, she "has served in governmental employment and in such capacity . . . expressed an opinion concerning the merits of the particular case in controversy." 28 U.S.C. § 455(b)(3) (emphasis supplied).  Weisshaus does not allege, nor could she, that the undersigned expressed an opinion concerning the merits of her claims in this matter during any governmental employment aside from her service as a federal district judge.  As such, § 455(b)(3) is inapplicable here.

favor of defendant Fagan and Weisshaus' speculative and conclusory allegations of bias and prejudice do not warrant recusal under § 455(a) or § 455(b)(1).

Weisshaus' final argument is that recusal is necessary pursuant to § 455(b)(2) based on the undersigned's prior employment with Kaye Scholer, who Weisshaus contends represented the Claims Conference in the Swiss Banks litigation.  As Weisshaus correctly points out, the undersigned promised during her U.S. Senate confirmation process to recuse herself from any matter to which Kaye Scholer is a party and, for an appropriate period of time after becoming a federal district judge, from any matter in which Kaye Scholer represents a party.[10]  Kaye Scholer is not a party to this lawsuit.  Although it appears that Kaye Scholer represented the Claims Conference in the Swiss Banks litigation, the undersigned departed Kaye Scholer in 1991, several years prior to Weisshaus' commencement of her lawsuit against the Swiss Banks in 1996 and Kaye Scholer's

---

[10] The undersigned recused herself from all cases in which Kaye Scholer represented a party until ten years after the undersigned's departure from that firm in 1991.

representation of the Claims Conference in that matter.[11]  Recusal pursuant to § 455(b)(2) is therefore unwarranted.[12]

As Judge Friendly once wrote:  "There is as much obligation upon a judge not to recuse [herself] when there is no occasion as there is for [her] to do so when there is."  Rosen v. Sugarman, 357 F.2d 794, 797-98 (2d Cir. 1966) (Friendly, J.) (citation omitted).  No reasonable person fully informed of the facts concerning Weisshaus' allegations could reasonably question this Court's impartiality in this matter.  Weisshaus has shown no personal bias or prejudice concerning a party.  Further, no aspect of the undersigned's previous employment with Kaye Scholer would justify recusal.  As such, I decline to recuse myself from this matter.

---

[11] Weisshaus does not describe when Kaye Scholer undertook to represent the Claims Conference, but based on the chronology she does set forth, it appears that Kaye Scholer's representation of the Claims Conference in that matter began sometime after she filed her lawsuit in the Eastern District of New York in 1996.

[12] Weisshaus' speculation that I still have a retirement pension vested with Kaye Scholer is baseless.  Upon becoming a district judge, my retirement account with Kaye Scholer was transferred.  I have no financial relationship with Kaye Scholer.

14

CONCLUSION

The November 18, 2009 motion to disqualify is denied.

SO ORDERED:

Dated:   New York, New York
         December 15, 2009

　　　　　　　　　　　　　　　　　　　/s/ Denise Cote
　　　　　　　　　　　　　　　　　　　　DENISE COTE
　　　　　　　　　　　　　　　　United States District Judge

15