# Edward D. Fagan
c/o 10 Ferncliff Terrace, Short Hills, NJ 07078
Tel. (917) 402-6453 & Email: edftemporary@gmail.com

Friday 9 April 2010

*Via Messenger*
Clerk of the Pro Se Office
United States District Court
Southern District of New York
500 Pearl Street, 2nd Floor
New York, NY 10007

Re:     *Weisshaus v State of New York et al 08-cv-4053 (DLC)(KNF)*

Dear Sir/Madam:

I am a pro se Defendant/Counter-claimant in this matter. With this letter, I am providing the Court with the following documents:

1.  Motion for Summary Judgment and Other Relief, dated March 8, 2010

2.  Supporting Declaration of Edward D. Fagan, dated March 3, 2010

3.  Statement of Uncontested Facts

4.  Memorandum of Law

Please note that I am currently in the Czech Republic and therefore this set of papers is being provided by messenger. I am presently suffering from a severe back problem that has left me incapacitated. I am also on medication that impacts my ability to function.

A courtesy copy is also being provided to the Hon. Denise L. Cote USDJ for separate delivery to the Court at:

> Hon. Denise L. Cote USDJ
> United States District Court
> 500 Pearl Street, Chambers
> New York, NY 10007

The papers have already been served on my adversary.

Respectfully,

*Edward D. Fagan* (electronically signed)

Edward D. Fagan
Defendant / Counterclaimant Pro Se

Cc:     Hon. Denise L. Cote USDJ
         Freddie J. Berg Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/13/10

**PRO SE OFFICE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------X
Gizella Weisshaus,                    :

               **Plaintiff**      :            08-cv-4053 (DLC)

        :

   - vs –      :

        :

The State of New York, et al      :

        :

           **Defendants.**  :
---------------------------------------------X

## NOTICE OF MOTION FOR SUMMARY JUDGMENT DISMISSING CLAIMS AND CERTAIN AFFIRMATIVE DEFENSES OF PLAINTIFF / COUNTER – DEFENDANT GIZELLA WEISSHAUS AND FOR OTHER RELATED RELIEF

**PLEASE TAKE NOTICE** that Defendant/Counterclaimant Edward D. Fagan hereby moves this Honorable Court, as soon as counsel can be heard, before the Hon. Denise L. Cote USDJ at the United States District Court for the Southern District of New York, located at 500 Pearl Street, Courtroom , New York, NY 10007, pursuant to prior Orders of this Court and in accordance with Fed. R. Civ. P. Rule 56 and Local Rule 56.1, for Summary Judgment as follows:

1.  Dismissing with prejudice the complaint of Gizella Weisshaus based upon fraud and breach of contract as against Defendant Edward D. Fagan;

2.  Dismissing the Affirmative Defenses of Gizella Weisshaus to the counterclaim of Defendant Edward D. Fagan;

3.  Imposing sanctions against Plaintiff Weisshaus and her counsel Freddie J. Berg Esq. for violations of Court Orders, discovery violations and other conduct in violation of Fed. R. Civ. P. Rule 37, 28 USC § 1927 and other applicable rules, regulations and statutes;

4. Entering an Order precluding Gizella Weisshaus from filing future claims against Defendant Edward D. Fagan; and

5. Such other relief as is just and equitable.

**PLEASE TAKE FURTHER NOTICE** that in support of this Motion Defendant / Counterclaimant Edward D. Fagan shall rely upon accompanying Statement of Uncontested Facts, pursuant to Local Rule 56.1, the accompanying Declaration of Edward D. Fagan and supporting Memorandum of Law.

**PLEASE TAKE FURTHER NOTICE** that opposition, if any, should be filed in accordance with the Federal Rules of Civil Procedure and Local Rules of the Southern District.

Dated: New York, New York
      March 8, 2010

/s/ *Edward D. Fagan*
Edward D. Fagan
c/o 10 Ferncliff Terrace
Short Hills, NJ 07078
Tel. (917) 402-6453
Defendant / Counterclaimant Pro Se

2

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury as follows:

### NOTICE OF MOTION FOR SUMMARY JUDGMENT DISMISSING CLAIM AND CERTAIN AFFIRMATIVE DEFENSES OF PLAINTIFF / COUNTER DEFENDANT GIZELLA WEISSHAUS AND FOR OTHER RELATED RELIEF

Has been delivered for filing with the Pro Clerk of the Court and an additional courtesy hard copy to the Hon. Denise L. Cote USDJ.

A copy has also been provided to counsel for Plaintiff / Counter Defendant Gizella Weisshaus, electronically and/or by regular mail.

Dated: New York, New York
　　　　March 8, 2010

/s/ *Edward D. Fagan*
Edward D. Fagan
c/o 10 Ferncliff Terrace
Short Hills, NJ  07078
Tel. (917) 402-6453
Defendant / Counterclaimant Pro Se

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------X

Gizella Weisshaus,                          :

                    **Plaintiff**     :          08-cv-4053 (DLC)

    - vs –                          :

                           :

The State of New York, et al                :

              **Defendants.**   :

---------------------------------------------X

**DECLARATION IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
DISMISSING CLAIMS AND CERTAIN AFFIRMATIVE DEFENSES OF PLAINTIFF /
COUNTER – DEFENDANT GIZELLA PLAINTIFF / COUNTER-DEFENDANT
WEISSHAUS AND FOR OTHER RELATED RELIEF**

Edward D. Fagan hereby declares and says:

1.      I am the Defendant / Counter claimant in this matter.

2.      I make this Declaration in support of the accompanying Motion for Summary Judgment
and for other relief.

3.      With this Motion I submit the Rule 56.1 Statement of Uncontested Facts. *See Exh. 1.*

4.      The documents referred to therein are being filed separately.

5.      Plaintiff – Counter Defendant Weisshaus' complaint is based upon alleged breach of
contract and fraud.

6.      It should be dismissed as it does not state a cause of action for upon which relief can be
granted because the applicable causes of action expired long ago.

7.      Furthermore, Plaintiff / Counter-Defendant Weisshaus' filing and prosecution of this
claim is part of an ongoing campaign against me which has been ongoing for more than a
decade and which has caused me and my family significant damages.

8.      Plaintiff / Counter-Defendant Weisshaus and her counsel have continued the prosecution
of claims even though they were informed that the claims were brought after the

expiration of applicable statutes of limitations.

9.    The attorney client relationship between Plaintiff Counter defendant Weisshaus and me ended in 1998.

10.    In 1998, Plaintiff / Counter-Defendant Weisshaus terminated Defendant / Counter-Claimant Fagan as her attorney representing her in all matters.

11.    On April 8, 1998, Plaintiff / Counter-Defendant Weisshaus openly repudiated my representation and rejected me as her attorney.

12.    Plaintiff / Counter-Defendant Weisshaus claims to have suffered damages as a result of an alleged fraud upon her by me that started in 1997/8.

13.    Plaintiff / Counter-Defendant Weisshaus claims to have suffered damages as a result of an alleged breach of contract her by me that started in 1997/8.

14.    From April 8, 1998 and continuing to present, Plaintiff / Counter-Defendant Weisshaus has accused me of committing fraud against her.

15.    From April 8, 1998 and continuing to present, Plaintiff / Counter-Defendant Weisshaus has accused me of breach of contract.

16.    The instant complaint was filed on April 30, 2008.

17.    Prior to the filing of the instant complaint, Plaintiff / Counter-Defendant Weisshaus consulted with several lawyers.

18.    As of March 25, 1998 Plaintiff / Counter-Defendant Weisshaus knew the facts upon which her claims against me for alleged fraud, breach of contract and/or other wrongdoing.

19.    On April 8, 1998, Plaintiff / Counter-Defendant Weisshaus knew the facts upon which her claims against me for alleged fraud and breach of contract were based and described these claims to the Departmental Disciplinary Committee for the 1st Department.

20.    On September 8, 1998, Plaintiff / Counter-Defendant Weisshaus knew the facts upon which her claims against me for alleged fraud, breach of contract and/or other wrongdoing were based and made further complaints based on my fraud, breach of contract and/or other wrongdoing to the Departmental Disciplinary Committee for the 1st Department.

21.    On December 10, 1998, Plaintiff / Counter-Defendant Weisshaus knew the facts upon which her claims against me for alleged fraud, breach of contract and/or other wrongdoing were based and made further complaints based on my alleged fraud, breach of contract and/or other wrongdoing to the Departmental Disciplinary Committee for the 1st Department.

22.    On September 1, 2000, Plaintiff / Counter-Defendant Weisshaus knew the facts upon which her claims against me for alleged fraud, breach of contract and/or other wrongdoing were based and made further complaints based on my alleged fraud, breach of contract and/or other wrongdoing to the Departmental Disciplinary Committee for the 1st Department.

23.    Prior to filing of the instant complaint, Plaintiff / Counter-Defendant Weisshaus met and consulted with lawyers, paralegals and professionals about her claims against me

24.    Plaintiff / Counter-Defendant Weisshaus failed to respond to discovery demands and failed to comply with Court Orders related to discovery demands.

25.    Plaintiff / Counter-Defendant Weisshaus filed the claim and she and her counsel have continued a claim in bad faith knowing the applicable statutes of limitations have expired.


**DECLARATION UNDER 28 USC § 1746**

3

I declare, verify, certify and state under the penalty of perjury that the facts and statements contained above are true and accurate to the best of my knowledge information and belief.

Dated: New York, New York
      March 8, 2010

/s/ *Edward D. Fagan*
Edward D. Fagan
c/o 10 Ferncliff Terrace
Short Hills, NJ  07078
Tel. (917) 402-6453
Defendant / Counterclaimant Pro Se

4

## Statement of Uncontested Facts
### In Support of Motion by Defendant/Counter-Claimant Fagan
### For Partial Summary Judgment Pursuant to Fed. R. Civ. P. Rule 56
### & Local Rule 56.1 as against Plaintiff / Counter-Defendant Weisshaus
### March 8, 2010 - Page 1

| Facts Related to Allegations of Fraud and Breach of Contract in Amended Complaint | Evidence / Document |
|---|---|
| 1) Plaintiff / Counter-Defendant Gizella Weisshaus ("Wiesshaus") retained Defendant Counter-Claimant Edward D. Fagan ("Fagan") in 1992. | Weisshaus 12/17/09 Deposition Testimony |
| 2) Fagan represented Weisshaus in various matters from 1992 to 1998. | Weisshaus 12/17/09 Deposition Testimony |
| 3) In 1998, Weisshaus terminated Fagan as her attorney representing her in all matters. | Exh. D-13 to Weisshaus 12/17/09 Deposition Testiomny |
| 4) As of April 8, 1998, Weisshaus openly repudiated Fagan's representation and rejected him as her attorney. | Exh. D-13 to Weisshaus 12/17/09 Deposition Testiomny |
| 5) Weisshaus claims to have suffered damages as a result of an alleged fraud upon her by Fagan that started in 1997/8. | Weisshaus 12/17/09 Deposition Testimony and Exh. D-13 to Weisshaus Deposition Testimony |
| 6) Weisshaus claims to have suffered damages as a result of an alleged breach of contract her by Fagan that started in 1997/8. | Exh. D-13 to Weisshaus 12/17/09 Deposition Testimony |

**Statement of Uncontested Facts**
**In Support of Motion by Defendant/Counter-Claimant Fagan**
**For Partial Summary Judgment Pursuant to Fed. R. Civ. P. Rule 56**
**& Local Rule 56.1 as against Plaintiff / Counter-Defendant Weisshaus**
**March 8, 2010 - Page** 2

| Facts Related to Allegations of Fraud and Breach of Contract in Amended Complaint | Evidence / Document |
|---|---|
| 7)  From April 8, 1998 and continuing to present, Weisshaus has accused Fagan of fraud. | Exh. D-13 to Weisshaus 12/17/09 Deposition Testimony |
| 8)  From April 8, 1998 and continuing to present, Weisshaus has accused Fagan of breach of contract. | Exh. D-13 to Weisshaus 12/17/09 Deposition Testimony |
| 9)  The instant complaint was filed on April 30, 2008. | See Exhibit 1 to Docket # 01-cv-4053 (DLC) |
| 10)  Prior to the filing of the instant complaint, Weisshaus consulted with several lawyers. | Excerpts from Weisshaus 12/17/09 Deposition Testimony |
| 11)  As of March 25, 1998 Weisshaus knew the facts upon which her claims against Fagan for alleged fraud, breach of contract and/or other wrongdoing. | See 3/27/98 Letter Robert Dinerstein Esq. to Gizella Weisshaus |

**Statement of Uncontested Facts**
**In Support of Motion by Defendant/Counter-Claimant Fagan**
**For Partial Summary Judgment Pursuant to Fed. R. Civ. P. Rule 56**
**& Local Rule 56.1 as against Plaintiff / Counter-Defendant Weisshaus**
**March 8, 2010 - Page 3**

| Facts Related to Allegations of Fraud and Breach of Contract in Amended Complaint | Evidence / Document |
|---|---|
| 12) On April 8, 1998, Weisshaus knew the facts upon which her claims against Fagan for alleged fraud and breach of contract were based and described these claims to the Departmental Disciplinary Committee for the 1st Department. | See Exh. D-13 to Weisshaus Deposition Testimony |
| 13) On September 8, 1998, Weisshaus knew the facts upon which her claims against Fagan for alleged fraud, breach of contract and/or other wrongdoing were based and made further complaints based on Fagan's alleged fraud, breach of contract and/or other wrongdoing to the Departmental Disciplinary Committee for the 1st Department. | See Sept. 9, 1998 Letter Weisshaus to Departmental Disciplinary Committee – Matter of Edward D. Fagan Esq. - Docket # 98.1811 |
| 14) On December 10, 1998, Weisshaus knew the facts upon which her claims against Fagan for alleged fraud, breach of contract and/or other wrongdoing were based and made further complaints based on Fagan's alleged fraud, breach of contract and/or other wrongdoing to the Departmental Disciplinary Committee for the 1st Department. | See Dec. 10, 1998 Letter Departmental Disciplinary Committee to Weisshaus Matter of Edward D. Fagan Esq. - Docket # 98.1811 |

*3*

**Statement of Uncontested Facts**
**In Support of Motion by Defendant/Counter-Claimant Fagan**
**For Partial Summary Judgment Pursuant to Fed. R. Civ. P. Rule 56**
**& Local Rule 56.1 as against Plaintiff / Counter-Defendant Weisshaus**
**March 8, 2010 - Page** 4

| Facts Related to Allegations of Fraud and Breach of Contract in Amended Complaint | Evidence / Document |
|---|---|
| 15) On September 1, 2000, Weisshaus knew the facts upon which her claims against Fagan for alleged fraud, breach of contract and/or other wrongdoing were based and made further complaints based on Fagan's alleged fraud, breach of contract and/or other wrongdoing to the Departmental Disciplinary Committee for the 1st Department. | See Sept. 1, 2000 Weisshaus Letter to Departmental Disciplinary Committee |
| 16) Prior to filing of the instant complaint, Weisshaus met and consulted with lawyers, paralegals and professionals about her claims against Fagan. | Excerpts from Weisshaus 12/17/09 Deposition Testimony |
| 17) Weisshaus failed to respond to discovery demands and failed to comply with Court Orders related to discovery demands. | See Sept. 29, 2009 Request for Production of Documents and Sept. 30, 2009 Deposition Notice & Weisshaus' Responses |
| 18) Weisshaus filed the claim and she and her counsel have continued a claim in bad faith knowing the applicable statutes of limitations have expired. | See Docket Entries 08-cv-4053 (DLC |

**Statement of Uncontested Facts**
**In Support of Motion by Defendant/Counter-Claimant Fagan**
**For Partial Summary Judgment Pursuant to Fed. R. Civ. P. Rule 56**
**& Local Rule 56.1 as against Plaintiff / Counter-Defendant Weisshaus**
**March 8, 2010 - Page 5**

Facts Related to Allegations of Fraud and                    Evidence /
Breach of Contract in Amended Complaint                    Document

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
Gizella Weisshaus,                         :

                Plaintiff    :          08-cv-4053 (DLC)

   -  vs --                               :

                          :

The State of New York, et al            :

             Defendants.    :
-------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF NOTICE OF MOTION FOR SUMMARY JUDGMENT DISMISSING CLAIMS AND CERTAIN AFFIRMATIVE DEFENSES OF PLAINTIFF / COUNTER – DEFENDANT GIZELLA PLAINTIFF / COUNTER-DEFENDANT WEISSHAUS AND FOR OTHER RELATED RELIEF**

## 1.    INTRODUCTION

The facts related to this Motion are simple.   Plaintiff / Counter-Defendant Gizella Weisshaus' complaint based upon alleged breach of contract and fraud should be dismissed as it does not state a cause of action for upon which relief can be granted.  The applicable causes of action expired long ago.  Plaintiff / Counter-Defendant Weisshaus' filing and prosecution of this claim is part of an ongoing campaign against Defendant Counter-Claimant Edward D. Fagan, which has caused Defendant / Counter Claimant Fagan damages and should be enjoined. Plaintiff / Counter-Defendant Weisshaus and her counsel have continued the prosecution of claims that they knew were brought after the expiration of applicable statutes of limitations. Plaintiff / Counter-Defendant Weisshaus interfered with Defendant / Counter-Claimant Fagan's ability to complete discovery, failed to comply with Court Orders and failed to comply with discovery demands and obligations for which additional sanctions should be imposed.

## 2.    STATEMENT OF FACTS

Plaintiff / Counter-Defendant Gizella Weisshaus ("Weisshaus") retained Defendant Counter-Claimant Edward D. Fagan ("Defendant / Counter-Claimant Fagan") in 1992.  *See ¶ 1 of Rule 56.1 Statement of Uncontested Facts.*  Defendant / Counter-Claimant Fagan represented Plaintiff

/ Counter-Defendant Weisshaus in various matters from 1992 to 1998. *See ¶ 2 of Rule 56.1 Statement of Uncontested Facts.* In 1998, Plaintiff / Counter-Defendant Weisshaus terminated Defendant / Counter-Claimant Fagan as her attorney representing her in all matters. *See ¶ 3 of Rule 56.1 Statement of Uncontested Facts.* As of April 8, 1998, Plaintiff / Counter-Defendant Weisshaus openly repudiated Defendant / Counter-Claimant Fagan's representation and rejected him as her attorney. *See ¶ 4 of Rule 56.1 Statement of Uncontested Facts.* Plaintiff / Counter-Defendant Weisshaus claims to have suffered damages as a result of an alleged fraud upon her by Defendant / Counter-Claimant Fagan that started in 1997/8. *See ¶ 5 of Rule 56.1 Statement of Uncontested Facts.* Plaintiff / Counter-Defendant Weisshaus claims to have suffered damages as a result of an alleged breach of contract her by Defendant / Counter-Claimant Fagan that started in 1997/8. *See ¶ 6 of Rule 56.1 Statement of Uncontested Facts.* From April 8, 1998 and continuing to present, Plaintiff / Counter-Defendant Weisshaus has accused Defendant / Counter-Claimant Fagan of fraud. *See ¶ 7 of Rule 56.1 Statement of Uncontested Facts.* From April 8, 1998 and continuing to present, Plaintiff / Counter-Defendant Weisshaus has accused Defendant / Counter-Claimant Fagan of breach of contract. *See ¶ 8 of Rule 56.1 Statement of Uncontested Facts.* The instant complaint was filed on April 30, 2008. *See ¶ 9 of Rule 56.1 Statement of Uncontested Facts.* Prior to the filing of the instant complaint, Plaintiff / Counter-Defendant Weisshaus consulted with several lawyers. *See ¶ 10 of Rule 56.1 Statement of Uncontested Facts.* As of March 25, 1998 Plaintiff / Counter-Defendant Weisshaus knew the facts upon which her claims against Defendant / Counter-Claimant Fagan for alleged fraud, breach of contract and/or other wrongdoing. *See ¶ 11 of Rule 56.1 Statement of Uncontested Facts.* On April 8, 1998, Plaintiff / Counter-Defendant Weisshaus knew the facts upon which her claims against Defendant / Counter-Claimant Fagan for alleged fraud and breach of contract were based and described these claims to the Departmental Disciplinary Committee for the 1st Department.

*See ¶ 12 of Rule 56.1 Statement of Uncontested Facts.*    On September 8, 1998, Plaintiff /
Counter-Defendant Weisshaus knew the facts upon which her claims against Defendant /
Counter-Claimant Fagan for alleged fraud, breach of contract and/or other wrongdoing were
based and made further complaints based on Defendant / Counter-Claimant Fagan's alleged
fraud, breach of contract and/or other wrongdoing to the Departmental Disciplinary Committee
for the 1st Department. *See ¶ 13 of Rule 56.1 Statement of Uncontested Facts.*    On December 10,
1998, Plaintiff / Counter-Defendant Weisshaus knew the facts upon which her claims against
Defendant / Counter-Claimant Fagan for alleged fraud, breach of contract and/or other
wrongdoing were based and made further complaints based on Defendant / Counter-Claimant
Fagan's alleged fraud, breach of contract and/or other wrongdoing to the Departmental
Disciplinary Committee for the 1st Department. *See ¶ 14 of Rule 56.1 Statement of Uncontested
Facts.*  On September 1, 2000, Plaintiff / Counter-Defendant Weisshaus knew the facts upon
which her claims against Defendant / Counter-Claimant Fagan for alleged fraud, breach of
contract and/or other wrongdoing were based and made further complaints based on Defendant /
Counter-Claimant Fagan's alleged fraud, breach of contract and/or other wrongdoing to the
Departmental Disciplinary Committee for the 1st Department.   *See ¶ 15 of Rule 56.1 Statement
of Uncontested Facts.*    Prior to filing of the instant complaint, Plaintiff / Counter-Defendant
Weisshaus met and consulted with lawyers, paralegals and professionals about her claims against
Defendant / Counter-Claimant Fagan. *See ¶ 16 of Rule 56.1 Statement of Uncontested Facts.*
Plaintiff / Counter-Defendant Weisshaus failed to respond to discovery demands and failed to
comply with Court Orders related to discovery demands. *See ¶ 17 of Rule 56.1 Statement of
Uncontested Facts.*    Plaintiff / Counter-Defendant Weisshaus filed the claim and she and her
counsel have continued a claim in bad faith knowing the applicable statutes of limitations have
expired. *See ¶ 18 of Rule 56.1 Statement of Uncontested Facts.*

3

3.    **DISCUSSION**

    a. **All Applicable Statutes of Limitations Expired**

        i. **Statute of Limitations for Fraud Claims Expired**

To state a cause of action for fraud under New York law, the plaintiff must allege that: (1) the defendant made a false statement of material fact, (2) the defendant had knowledge of its falsity, (3) the defendant intended to defraud the plaintiff, (4) the plaintiff reasonably relied on the misrepresentation, and (5) the plaintiff suffered damages as a result. *See Kaye v. Grossman,* 202 F.3d 611, 614 (2d Cir.2000).   In addition, Rule 9(b) of the Federal Rules of Civil Procedure requires that circumstances constituting fraud must be stated with particularity, meaning that the complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Mills v. Polar Molecular Corp.,* 12 F.3d 1170, 1175 (2d Cir.1993). The knowledge or intent of the speaker may be averred generally; however, conclusory allegations are not permitted. *See Travelers Indemnity Co. of Illinois v. CDL Hotels USA, Inc.,* 322 F.Supp.2d 482, 499, 500 (S.D.N.Y.2004).   In addition, the complaint must "allege facts that give rise to a strong inference of fraudulent intent" by showing that the defendant "had both motive and opportunity" to defraud or by presenting "strong circumstantial evidence of conscious misbehavior ." *In re Carter-Wallace, Inc. Securities Litigation,* 220 F.3d 36, 39 (2d Cir.2000) (internal quotations and citations omitted).

    Plaintiff / Counter-Defendant Weisshaus has not adequately pled a cause of action for fraud.   She has failed to allege any facts from which to infer fraudulent intent on the part of Defendant / Counter -- claimant Fagan.   Plaintiff / Counter-Defendant Weisshaus' conclusory allegations are insufficient to make out a claim of fraud even under the more relaxed notice pleading standard of Rule 8(a) of the Federal Rules of Civil Procedure. *See Friedman v.*

4

*Anderson*, 23 A.D.3d 163, 166, 803 N.Y.S.2d 514, 517 (2005) ("A mere recitation of the elements of fraud is insufficient to state a cause of action" under New York law) (quoting *National Union Fire Insurance Co. of Pittsburgh v. Robert Christopher Associates*, 257 A.D.2d 1, 9, 691 N.Y.S.2d 35, 41 (1st Dep't 1999)). It certainly does not meet the "strong inference" standard under Rule 9(b).

Even if Plaintiff / Counter-Defendant Weisshaus had alleged fraud by Defendant / Counter-claimant Fagan, the statute of limitations on any fraud claim has long since expired.

Under New York law, the statute of limitations for "an action based upon fraud" is "the greater of six years from the date the cause of action accrued or two years from the time the plaintiff ... could with reasonable diligence have discovered it." See CPLR § 213(8) (2009); *see also Guilbert v. Gardner*, 480 F.3d 140, 147 (2d Cir.2007).

This statute of limitations governs Plaintiff / Counter-Claimant Weisshaus' claims for fraud, conspiracy to commit fraud, aiding and abetting fraud and fraudulent concealment. *See Weisshaus v. The State of New York et al, No. 08 Civ. 4053(DLC). Aug. 20, 2009 (Slip Copy, 2009 WL 2579215 (S.D.N.Y.); Kottler v. Deutsche Bank AG*, 607 F.Supp.2d 447, 459 (S.D.N.Y.2009) (applying C.P.L.R. § 213 to claims for fraud and aiding and abetting fraud); *Meridien Int'l Bank v. Liberia*, 23 F.Supp.2d 439, 449-50 (S.D.N.Y.1998) (applying the fraud statute of limitations to a "civil conspiracy claim sound[ing] in fraud."); *Riis v. Manufacturers Hanover Trust Co.*, 632 F.Supp. 1098, 1102-06 (S.D.N.Y.1986) (applying fraud statute of limitations to fraudulent concealment claim).

As of April 8, 1998, Plaintiff / Counter-Defendant Weisshaus knew of her claims against Defendant / Counterclaimant Fagan.   In 1998 and 2000, Plaintiff / Counter-Defendant Weisshaus made complaints to lawyers, judicial officers and to the Departmental Disciplinary Committee against Defendant / Counter-claimant Fagan alleging the same fraud claims as set

forth in this complaint. The statute of limitations for Plaintiff / Counter-Defendant Weisshaus'

allegations against Defendant Counter-claimant Fagan for fraud expired on April 8, 2004.

Therefore, claims or allegations based on fraud must be dismissed with prejudice as untimely.

ii.  **Statute of Limitations for Breach of Contract Claims Expired**

The New York Statutes of Limitations for alleged breach of contract is six years. *See*

*CPLR § 213(2) (2009) and Weisshaus v. The State of New York et al, No. 08 Civ. 4053(DLC).*

*Aug. 20, 2009 (Slip Copy, 2009 WL 2579215 (S.D.N.Y.).*

As of April 8, 1998, Plaintiff / Counter-Defendant Weisshaus knew of her claims for

breach of contract against Defendant / Counterclaimant Fagan.          In 1998 and 2000, Plaintiff

/ Counter-Defendant Weisshaus made complaints to lawyers, judicial officers and to the

Departmental Disciplinary Committee against Defendant / Counter-claimant Fagan alleging the

same breach of contract claims as set forth in this complaint. The applicable statute of

limitations for Plaintiff / Counter-Defendant Weisshaus' allegations against Defendant Counter-

claimant Fagan for breach of contract expired on April 8, 2004. Therefore, the instant complaint

based on allegations of breach of contract must be dismissed with prejudice as untimely.

iii.  **Statute of Limitations for Breach of Covenant of Good Faith and Fair**
       **Dealing Expired**

The instant complaint does not include claims for breach of covenant of good faith and

fair dealing. *See Dkt. # 1 – Docket 08-cv-4053 (DLC).* However, even assuming arguendo that

Plaintiff /Counter - Defendant Weisshaus alleges she has a claim for breach of covenant of good

faith and fair dealing, such a complaint is also untimely.

A claim for breach of the covenant of good faith and fair dealing is grounded in contract

and likewise has a limitations period of six years. *See Weisshaus v. The State of New York et al,*

*No. 08 Civ. 4053(DLC). Aug. 20, 2009 (Slip Copy, 2009 WL 2579215 (S.D.N.Y.) and Resnick v.*

6

*Resnick,* 722 F.Supp. 27, 38 (S.D.N.Y.1989).

As of April 8, 1998, Plaintiff / Counter-Defendant Weisshaus knew of her claims for breach of covenant of good faith and fair dealing against Defendant / Counterclaimant Fagan.  In 1998 and 2000, Plaintiff / Counter-Defendant Weisshaus made complaints to lawyers, judicial officers and to the Departmental Disciplinary Committee against Defendant / Counter-claimant Fagan making the same allegations as set forth in this complaint.  The applicable statute of limitations for Plaintiff / Counter-Defendant Weisshaus' allegations against Defendant Counter-claimant Fagan for breach of covenant of good faith and fair dealing expired on April 8, 2004. Therefore, the instant complaint, even if it were to be amended to include allegations for breach of covenant of good faith and fair dealing, must be dismissed with prejudice as untimely.

### iv.  Statute of Limitations for Breach of Fiduciary Duty Claims Expired

The statute of limitations for breach of fiduciary duty and for aiding and abetting breach of fiduciary duty " 'depends on the substantive remedy which the plaintiff seeks.' " *Ciccone v. Hersh,* 530 F.Supp.2d 574, 579 (S.D.N.Y.2008) (quoting *Independent Order of Foresters v. Donald, Lufkin & Jenrette, Inc.,* 157 F.3d 933, 942 (2d Cir.1998)). "Where a plaintiff alleging breach of fiduciary duty 'seeks only money damages, courts have viewed such actions as alleging injury to property, to which a three-year statute of limitations applies.' " *Ciccone,* 530 F.Supp.2d at 579 (quoting *Kaufman v. Cohen,* 307 A.D.2d 113, 118 (1st Dep't 2003)). Where the alleged "breach of fiduciary duty involves allegations of actual fraud, [however,] the statute of limitations is six years regardless of the remedy sought." *Scantek Medina v. Sabella,* 583 F.Supp.2d 477, 491 (S.D.N.Y.2008); *Pro Bono Invs., Inc. v. Gerry,* No. 03 Civ. 4347(JGK), 2005 U.S. Dist. LEXIS 22348, 2005 WL 2429787, at * 14 (S.D.N.Y. Sept. 30, 2005); *Kaufman,* 307 A.D.2d at 119.

Claims alleging breach of fiduciary duty are subject to a three-year limitations period if

7

they seek monetary relief, and a six-year limitations period if they seek equitable relief or allege fraud. *Kaufman v. Cohen*, 307 A.D.2d 113, 760 N.Y.S.2d 157, 164-65 (1st Dep't 2003); *Cooper v. Parsky*, 140 F.3d 433, 440-41 (2d Cir.1998). "The statute of limitations is tolled until the fiduciary has openly repudiated his or her obligation or the relationship has been otherwise terminated." *People ex rel. Spitzer ex rel. Ultimate Charitable Beneficiaries v. Ben*, 55 A.D.3d 1306, 866 N.Y.S.2d 464, 465 (4th Dep't 2008) (citation omitted).   If the breach of fiduciary duty sounds in fraud, the limitations period does not expire until after the greater of "six years from the date the cause of action accrued or two years from the time the plaintiff or the person under whom the plaintiff claims discovered the fraud, or could with reasonable diligence have discovered it." N.Y. C.P.L.R. § 213(8);   See *Elghanayan v. Victory*, 192 A.D.2d 355, 596 N.Y.S.2d 35, 36 (1st Dep't 1993).

Here again, even though the allegations of the complaint against Defendant Counter-claimant Fagan are for breach of contract and fraud, even if they were to be based on alleged breach of fiduciary duty, they must be dismissed as untimely.

As of April 8, 1998, Plaintiff / Counter-Defendant Weisshaus knew of her claims for alleged breach of fiduciary duty against Defendant / Counterclaimant Fagan.  In 1998 and 2000, Plaintiff / Counter-Defendant Weisshaus made complaints to lawyers, judicial officers and to the Departmental Disciplinary Committee against Defendant / Counter-claimant Fagan making the same allegations as set forth in this complaint.  The applicable statute of limitations for Plaintiff / Counter-Defendant Weisshaus' allegations against Defendant Counter-claimant Fagan for breach of alleged fiduciary duty expired on April 8, 2004.  Therefore, the instant complaint, even if it were to be amended to include allegations for breach of fiduciary duty, must be dismissed with prejudice as untimely.

4.    **IMPOSITION OF SANCTIONS**

    a.  **Sanctions Should be Imposed for Filing of a Patently Frivolous Complaint**

The Second Circuit permits imposition of sanctions against plaintiffs who file complaints barred by the relevant statutes of limitations.  *See also Wynn v. AC Rochester Gen. Motors Corp.,* 96 Fed. Appx. 768, 769 (2d Cir.2004) (affirming imposition of a permanent injunction against a *pro se* plaintiff barring the filing of complaints without leave of the court in a case where plaintiff's claims were barred by the relevant statutes of limitation).

The circuit has approved of the imposition of monetary sanctions against plaintiffs who file complaints barred by statutes of limitation. *See Chemiakin v. Yefimov,* 932 F.2d 124, 131-132 (2d Cir.1991) (affirming award imposing attorneys' fees and costs against a plaintiff for filing a frivolous complaint that, among other things, was barred by the statute of limitations); *see also Nyitray v. Johnson,* No. 99-7534, 1999 WL 1254077, at *1 (2d Cir. Dec.15, 1999) (affirming an award of costs and one-third of attorneys' fees against a party who made a frivolous argument for timeliness under the statute of limitations).

Even, when a plaintiff may not have purposefully filed a frivolous complaint and honestly believed that a valid claim existed, there is no "empty-head pure-heart" justification for a Rule 11 violation as Rule 11 assumes a competent attorney, *see Eastway Constr. Corp. v. New York,* 762 F.2d 243, 254 (2d Cir.1985).    And, if after notice and a reasonable opportunity to respond, the court determines that the Rule 11 standard has been violated, the court may impose sanctions upon the attorneys, law firms, or parties.   See Fed.R.Civ.P. 11(c).

    b.  **Sanctions Should be Imposed for Discovery Violation**

Contemporaneous with this Motion and in accordance with the prior directives of the Hon. Denise L. Cote, Defendant – Counterclaimant is moving for the imposition of discovery sanctions for the violation of Court Orders and failure to provide discovery.

The sanctions and relief sought is (i) striking of Plaintiff / Counter-Defendant Weisshaus' Affirmative Defenses to the counterclaim, (ii) preclusion of the introduction of testimony and evidence for failure to respond to Defendant / Counter-claimants' discovery demands and failure to cooperate and respond to deposition questions, (iii) assessment of costs attendant with Defendant Counterclaimants having to return from overseas for depositions that Plaintiff / Counter-Defendant cancelled and refused to attend without proper notice, costs attendant with attempting to secure Plaintiff Counter-Defendant's compliance with Court ordered discovery and (iv) other appropriate relief.

5.    **CONCLUSION**

In view of the foregoing, Defendant Counter-claimant Fagan's Motion for Summary Judgment should be granted in its entirety including the following relief (i) the complaint of Plaintiff Counter-Defendant Gizella Weisshaus should be dismissed with prejudice, (ii) Plaintiff Counter-Defendant Weisshaus' affirmative defenses should be stricken, (iii) Plaintiff Counter-Defendant Weisshaus' should be precluded from offering evidence and testimony in defense of the allegations in the counter-claim for her failure to comply with Court orders and Discovery demands; (iv) sanctions and costs shall be imposed against Plaintiff Counter-Defendant Weisshaus and her counsel for failure to comply with Court Orders and discovery demands and (v) such other just and equitable relief as is appropriate under the circumstances of this case.

Dated: New York, New York
     March 8, 2010

/s/ *Edward D. Fagan*
Edward D. Fagan
c/o 10 Ferncliff Terrace
Short Hills, NJ  07078
Tel. (917) 402-6453
Defendant / Counterclaimant Pro Se

10