UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
GIZELLA WEISSHAUS,                      :
              Plaintiff and             :
              Counterclaim-Defendant,   :
                                        :    08 Civ. 4053 (DLC)
         -v-                            :
                                        :    OPINION & ORDER
EDWARD D. FAGAN,                        :
              Defendant and             :
              Counterclaim-Plaintiff.   :
                                        :
----------------------------------------X

APPEARANCES:

For plaintiff and counterclaim-defendant:

Freddie J. Berg
Fred J. Berg Law Office
21 West 86th Street
New York, NY 10024

For defendant and counterclaim-plaintiff:

Edward D. Fagan, pro se
10 Ferncliff Terrace
Short Hills, NJ 07078


DENISE COTE, District Judge:

     This Opinion addresses the parties' March 8, 2010 cross-

motions for summary judgment on plaintiff's claims, plaintiff's

motion to dismiss defendant's counterclaim, and defendant's May

19, 2010 motion to amend his counterclaim and for other relief.

For the following reasons, plaintiff's claims and defendant's

counterclaim are dismissed.

BACKGROUND

The following facts are not in dispute except as indicated. Plaintiff Gizella Weisshaus ("Weisshaus"), a Holocaust survivor, first met pro se defendant Edward Fagan ("Fagan") in 1992. Fagan served as Weisshaus' attorney between 1992 and 1998, representing her in a number of lawsuits during that time period.  Most notably, Fagan initially represented Weisshaus in a 1996 lawsuit that was consolidated into In re Holocaust Victim Assets Litigation (the "Swiss Banks Litigation"), which alleged that, inter alia, certain Swiss institutions aided and abetted the Nazi regime and looted the assets of Holocaust victims.  See In re Holocaust Victim Assets Litigation, 105 F. Supp. 2d 139 (E.D.N.Y. 2000).  The Swiss Banks Litigation settled in 1998 for $1.25 billion.

In this action, Weisshaus accuses Fagan of various wrongdoings during the course of their attorney-client relationship between 1992 and 1998.  For instance, after opting out of the settlement in the Swiss Banks Litigation, Weisshaus alleges that she discovered that Fagan and another attorney had deceived the court by "improperly manufactur[ing]" an amended complaint in 2000 in that matter and backdating it to 1997. Weisshaus also alleges that in 1996, Fagan misappropriated funds from an $82,583.04 escrow account that Weisshaus entrusted to Fagan on behalf of the estate of Weisshaus' cousin, Jack

2

Oestreicher ("Oestreicher"), for which Weisshaus was administratrix.  In addition, Weisshaus alleges that Fagan failed to prosecute several other lawsuits on her behalf, which resulted in the dismissal of those actions or the entry of judgment against Weisshaus.

In April 1998, Weisshaus filed a grievance against Fagan with the Departmental Disciplinary Committee ("DDC") of the Supreme Court of New York, Appellate Division, First Department. The grievance concerned, inter alia, Fagan's failure to prosecute Weisshaus' lawsuits diligently and the misappropriation of funds from the Oestreicher escrow account. In a September 8, 1998 letter to Judith Stein, the DDC Principal Attorney, Weisshaus complained of, inter alia, Fagan's "failure to prosecute cases which he was paid to handle, and the refusal to reveal the whereabouts of [the Oestreicher] escrow account and possible commingling of funds and/or worse."  The letter further states that Fagan had refused to turn over the Oestreicher escrow funds to Weisshaus, which "further point[ed] to the likelihood of commingling and disappearance of monies." Weisshaus' grievance against Fagan was later summarily dismissed by the DDC.[1]

---

[1] Weisshaus submitted an expanded complaint against Fagan on September 1, 2000, which was summarily dismissed by the DDC as well.

A separate investigation by the New Jersey Office of Attorney Ethics ("OAE") was initiated in 1999 against Fagan after he failed to pay his required annual client security fund fee. In February 2004, Weisshaus contacted the OAE disciplinary auditor assigned to Fagan's case and expressed her belief that Fagan had misappropriated funds from the Oestreicher escrow account. After several days of hearings held between August 2005 and April 2007 -- which included testimony from Weisshaus in November 2005 -- the Special Master overseeing the disciplinary investigation found that Fagan had, inter alia, knowingly misappropriated funds from the Oestreicher escrow account. In a Disciplinary Action Report dated January 24, 2008, the Special Master recommended that Fagan be disbarred.[2]

Weisshaus filed this action on April 30, 2008. Her complaint, amended on September 29, 2008, asserted claims against two groups of defendants: (1) the "State Defendants," who handled Weisshaus' DDC complaints against Fagan; and (2) three attorneys, including Fagan. Weisshaus charged all defendants with violations of the First and Fourteenth Amendments pursuant to 42 U.S.C. §§ 1983 and 1985, arguing that she had been deprived of her constitutional right to a fair and

---

[2] On June 26, 2009, Fagan was disbarred in New Jersey based, in part, on the Special Master's conclusion that he had misappropriated funds from the Oestreicher escrow account. Fagan had previously been disbarred on separate grounds in New York in December 2008.

honest judicial system ("Count I"). Weisshaus also asserted claims against the three attorneys for breach of fiduciary duty ("Count III"), and against Fagan for breach of contract ("Count II").

With the exception of Fagan, who filed an answer and counterclaim on December 29, 2008, all of the other defendants moved to dismiss the amended complaint. In an Opinion dated August 20, 2009, Weisshaus' claims against the State Defendants and the other two attorneys were dismissed. See Weisshaus v. New York, et al., No. 08 Civ. 4053(DLC), 2009 WL 2579215 (S.D.N.Y. Aug. 20, 2009) (the "August 2009 Opinion").

Pursuant to a scheduling order, fact discovery between Weisshaus and Fagan was scheduled to close on October 30, 2009. Plaintiff's deposition and certain outstanding document discovery requests were not completed, however, until December 2009. By Order of January 25, 2010, summary judgment motions were scheduled to be served by February 12. After each party requested, and was granted, an adjournment of this deadline, cross-motions for summary judgment were served on March 8.[3] In her March 8 motion, Weisshaus also moved to dismiss Fagan's counterclaim. On March 26, Weisshaus served her opposition to Fagan's motion for summary judgment.

---

[3] Fagan's motion for summary judgment was served on March 8, but was not filed until April 13.

By letter dated April 4, Fagan requested an extension of the time to serve his opposition to Weisshaus' motion for summary judgment.  An Order of April 6 granted Fagan's request and directed Fagan to serve and file his opposition to Weisshaus' motion for summary judgment and motion to dismiss by April 16.  After Fagan failed to file any opposition by the April 16 deadline, the motions were considered fully submitted by Order dated April 27.

On May 19, over one month after the deadline for filing an opposition to Weisshaus' motions, Fagan filed a motion to, inter alia, strike Weisshaus' motion for summary judgment and opposition to his motion for summary judgment.  In the May 19 motion, Fagan also requested leave to amend his counterclaim to incorporate additional facts purportedly obtained during Weisshaus' December 2009 deposition.[4]  On May 24, Weisshaus filed an opposition to Fagan's May 19 motion, and on June 1, Fagan filed a reply.

---

[4] In his May 19, 2010 motion, Fagan also sought: (1) to preclude Weisshaus from offering evidence that contradicted her deposition testimony; (2) to compel Weisshaus to submit to another deposition; and (3) to schedule a status conference.  On May 25, Fagan filed a supplemental affidavit in support of his May 19 motion.

DISCUSSION

1.  Summary Judgment Standard

The parties have cross-moved for summary judgment on Weisshaus' claims.  Summary judgment may not be granted unless all of the submissions taken together "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); see SCR Joint Venture L .P. v. Warshawsky, 559 F.3d 133, 137 (2d Cir. 2009).  The moving party bears the burden of demonstrating the absence of a material factual question, and in making this determination, the court must view all facts in the light most favorable to the non-moving party.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Roe v. City of Waterbury, 542 F.3d 31, 35-36 (2d Cir. 2008).

When the moving party has asserted facts showing that the non-movant's claims cannot be sustained, the opposing party must "set forth specific facts showing that there is a genuine issue for trial," and cannot rest pleadings.  Fed. R. Civ. P. 56(e); Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009).  Only disputes over material facts -- facts that might affect the outcome of the suit under the governing law -- will properly preclude the entry of summary judgment.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); SCR Joint Venture, 559 F.3d at 137.

2.   Sections 1983 and 1985

Count I of the amended complaint asserts a claim for violations of the First and Fourteenth Amendments pursuant to 42 U.S.C. §§ 1983 and 1985.  Weisshaus alleges that Fagan was complicit in the denial of her right to an honest judicial system and the suppression of her right to the redress of her grievances in connection with the DDC proceedings in 1998 and 2000.

For the reasons set forth in the August 2009 Opinion, Weisshaus lacks standing to bring this claim against Fagan.  <u>See August 2009 Opinion</u>, 2009 WL 2579215, at *4.  In addition, this claim is time-barred.  <u>See id.</u> at *4 n.6.  Accordingly, Weisshaus' First and Fourteenth amendment claim against Fagan is dismissed.[5]

3.   Breach of Fiduciary Duty

Count III of the amended complaint asserts a claim for breach of fiduciary duty.  Claims alleging breach of fiduciary duty are subject to a three-year statute of limitations if they seek monetary relief, and a six-year limitations period if they seek equitable relief or allege fraud.  <u>Kaufman v. Cohen</u>, 760

---

[5] To the extent Weisshaus asserts a claim against Fagan for violation of her due process rights, this claim is also dismissed for the reasons stated in the August 2009 Opinion. <u>See August 2009 Opinion</u>, 2009 WL 2579215, at *4 n.4.

N.Y.S.2d 157, 164-65 (1st Dep't 2003); <u>Cooper v. Parsky</u>, 140 F.3d 433, 440-41 (2d Cir. 1998).  "The statute of limitations is tolled until the fiduciary has openly repudiated his or her obligation or the relationship has been otherwise terminated." <u>People ex rel. Spitzer ex rel. Ultimate Charitable Beneficiaries v. Ben</u>, 866 N.Y.S.2d 464, 465 (4th Dep't 2008) (citation omitted).  If the breach of fiduciary duty sounds in fraud, the limitations period does not expire until after the greater of "six years from the date the cause of action accrued or two years from the time the plaintiff or the person under whom the plaintiff claims discovered the fraud, or could with reasonable diligence have discovered it."  N.Y. C.P.L.R. § 213(8); <u>Elghanayan v. Victory</u>, 596 N.Y.S.2d 35, 36 (1st Dep't 1993).

Weisshaus' claim for breach of fiduciary duty is time-barred.  Even assuming the six-year statute of limitations for claims that sound in fraud applies, her claims would only be timely if they accrued in April 2002 or later as this action was filed in April 2008.

Weisshaus' claim against Fagan arises from his representation of her, during which he purportedly failed to prosecute Weisshaus' lawsuits diligently and misappropriated funds from the Oestreicher escrow account.  It is undisputed that Fagan ceased representing Weisshaus in 1998.  Thus, any breach of fiduciary duty arising from Fagan's representation of

Weisshaus accrued by 1998.  Applying the most generous statute
of limitations period, six years, her claims thus expired by
2004 at the latest.

The separate limitations period applicable to fraud claims
under N.Y. C.P.L.R. § 213(8), which provides that a claim
expires six years after the fraud occurs or two years after the
plaintiff did or should have discovered it, whichever is later,
does not render Weisshaus' claim timely.  Weisshaus contends
that she did not become aware of Fagan's fraudulent conduct in
connection with the Oestreicher escrow account until the release
of the New Jersey OAE Disciplinary Report in January 2008.
Weisshaus' contention is belied by the documents she herself
submitted in support of her motion for summary judgment.

For instance, Weisshaus' September 1998 letter to the DDC
plainly shows that she was aware of Fagan's refusal to return
the Oestreicher escrow funds, and that she suspected Fagan had
commingled or converted the funds.  In the letter, Weisshaus
also accused Fagan of "forging" her signature to authorize the
deposit of the escrow funds into a money management account.
Further, Weisshaus contacted the New Jersey OAE auditor in
February 2004 to complain that Fagan had misappropriated funds
from the Oestreicher escrow account, and testified to the same
effect in November 2005 during the OAE proceedings against
Fagan.  Thus, the incontrovertible evidence demonstrates that

Weisshaus knew, or with reasonable diligence could have known, about Fagan's fraudulent conduct as early as 1998, and certainly no later than November 2005.  Applying the limitations period of "two years from the time the plaintiff . . . discovered the fraud, or could with reasonable diligence have discovered it," N.Y. C.P.L.R. § 213(8), Weisshaus' claim would have expired well before the filing of this lawsuit in April 2008.  Accordingly, Weisshaus' breach of fiduciary duty claim against Fagan is dismissed.


4.   Breach of Contract

     Count II of the amended complaint asserts a claim against Fagan for breach of contract.  Breach of contract claims are subject to a limitations period of six years.  N.Y. C.P.L.R. § 213(2); Splinters, Inc. v. Greenfield, 880 N.Y.S.2d 328, 330 (2d Dep't 2009).  "As a general rule in contract cases, the cause of action accrues and the Statute of Limitations begins to run from the time of the breach."  Fapco Landscaping, Inc. v. Valhalla Union Free School Dist., 877 N.Y.S.2d 448, 449 (2d Dep't 2009) (citation omitted).

     Weisshaus' claim against Fagan for breach of contract is time-barred.  Weisshaus' breach of contract claim arises out of Fagan's representation of Weisshaus, which terminated in April 1998.  Thus, the latest date that Weisshaus' claim could have

accrued was April 1998, and the latest that Weisshaus could have brought her breach of contract claim was 2004.  Because this action was not filed until April 2008, Weisshaus' claim is untimely.  Accordingly, Weisshaus' breach of contract claim is dismissed.

5.   Fagan's Counterclaim

In her March 8, 2010 motion, Weisshaus separately moves to dismiss Fagan's counterclaim pursuant to Rule 12(b)(6), Fed. R. Civ. P., on the grounds that Fagan's counterclaim fails to state a claim and is barred by the statute of limitations.  Despite the extension granted by the April 6 Order, Fagan never opposed Weisshaus' motion to dismiss.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'"  Ashcroft v. Iqbal, 556 U.S. --, 129 S. Ct. 1937, 1949 (2009).  For a plaintiff's claim to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (citation omitted)).  A court considering a motion to dismiss pursuant to Rule 12(b)(6) "must accept as true all allegations in the complaint and draw all reasonable inferences in favor of the

non-moving party." <u>Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.</u>, 517 F.3d 104, 115 (2d Cir. 2008) (citation omitted).  Moreover, pleadings filed by pro se plaintiffs are to be construed liberally.  <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (per curiam); <u>Harris v. Mills</u>, 572 F.3d 66, 72 (2d Cir. 2009).[6]

Fagan's counterclaim recites a litany of grievances about Weisshaus' conduct during and after their attorney-client relationship.  Specifically, Fagan alleges that Weisshaus: (1) failed to pay him "thousands of dollars" for legal services rendered; (2) falsely accused him of stealing Holocaust victims' monies and other wrongful acts in an effort to embarrass and injure him; (3) filed complaints against him with various disciplinary authorities; (4) provided false testimony and forged documents to the New Jersey OAE in connection with its disciplinary investigation of Fagan; and (5) filed the instant action without justification and with the intent to harm Fagan. As a result, Fagan alleges that he has suffered monetary and non-monetary damages, including emotional distress.  Fagan seeks unspecified compensatory damages, $500 million in punitive damages, and unspecified injunctive relief.

---

[6] Although Fagan is proceeding <u>pro se</u>, and therefore his counterclaim is construed liberally, this Court is cognizant of the fact that Fagan was a practicing attorney before being disbarred in New York and New Jersey.

Even when construed liberally, Fagan's counterclaim fails to state a claim upon which relief can be granted.  While the counterclaim does not specify the nature of Fagan's claims against Weisshaus, the allegations appear to sound in breach of contract, defamation, malicious prosecution, intentional infliction of emotional distress, or prima facie tort.  To the extent that Fagan asserts any of these causes of action against Weisshaus, however, his bare-bones counterclaim fails to show that he is plausibly entitled to relief under any of these theories of liability.

First, any breach of contract claim based on Weisshaus' failure to pay legal fees is time-barred.  Breach of contract claims are subject to a statute of limitations of six years. N.Y. C.P.L.R. § 213(2); Splinters, Inc. v. Greenfield, 880 N.Y.S.2d 328, 330 (2d Dep't 2009).  Fagan's counterclaim states that "[d]uring the period from 1993 – 1998, [Weisshaus] owed [Fagan] thousands of dollars for legal services."  Any breach of contract claim thus accrued, at the latest, when the parties' attorney-client relationship was terminated in 1998.  Thus, the latest that Fagan could have brought a breach of contract claim was 2004.

Second, Fagan's counterclaim fails to state a claim for defamation.  "The elements of a cause of action to recover damages for defamation are a false statement, published without

privilege or authorization to a third party, constituting fault as judged by, at a minimum, a negligence standard, and it must either cause special harm or constitute defamation per se." Epifani v. Johnson, 65 882 N.Y.S.2d 234, 242 (2d Dep't 2009) (citation omitted). Fagan's counterclaim does not allege the time, place, or manner in which Weisshaus made the alleged injurious statements, or indicate to whom such statements were made. As such, it does not give Weisshaus sufficient notice of the communications complained of, or plausibly plead a claim. Further, to the extent Fagan's defamation claim is premised on statements made in documents or testimony that Weisshaus provided to the New Jersey OAE, such statements are not actionable. See Wiener v. Weintraub, 239 N.E.2d 540 (N.Y. 1968); Sinrod v. Stone, 799 N.Y.S.2d 273, 274 (2d Dep't 2005).

Third, any claim for malicious prosecution based on Weisshaus' commencement of the instant action is premature. To state a claim for malicious prosecution, a plaintiff must allege, among other things, a prior civil or criminal proceeding that was terminated in the plaintiff's favor. See, e.g., Weichert v. Kimber, 671 N.Y.S.2d 365, 366 (4th Dep't 1998) ("[B]ecause defendant must allege that a prior proceeding was terminated in his favor, he may not assert a counterclaim for malicious prosecution in the very civil action that was allegedly instituted wrongfully." (citation omitted)). Because

Fagan does not allege that any prior proceeding brought by Weisshaus was terminated in his favor, he fails to state a claim for malicious prosecution.

Fourth, Fagan's counterclaim fails to state a claim for intentional infliction of emotional distress.  Under New York law, the tort of intentional infliction of emotional distress has four elements: "(i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress." Howell v. New York Post Co., Inc., 612 N.E.2d 699, 702 (N.Y. 1993).  The degree of outrageousness needed to support a claim for intentional infliction of emotional distress is extreme.  "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Id. (citation omitted).  Even construed liberally, the allegations in Fagan's counterclaim concerning Weisshaus' conduct do not approach the threshold of outrageousness needed to support a claim for intentional infliction of emotional distress.

Lastly, Fagan's counterclaim fails to state a claim for prima facie tort.  Prima facie tort consists of four elements:

"(1) intentional infliction of harm, (2) causing special damages, (3) without excuse or justification, (4) by an act or series of acts that would otherwise be lawful." Curiano v. Suozzi, 469 N.E.2d 1324, 1327 (N.Y. 1984). Under New York law, a "plaintiff [must] allege that disinterested malevolence was the sole motivation for the conduct of which [he or she] complain[s]." R.I. Island House, LLC v. North Town Phase II Houses, Inc., 858 N.Y.S.2d 372, 377 (2d Dep't 2008) (citation omitted). Fagan does not allege that Weisshaus' purportedly tortious conduct was motivated solely by "disinterested malevolence," or that Fagan has suffered any special damages. Furthermore, with the exception of the filing of the instant action in April 2008, the allegations in the counterclaim concern conduct on the part of Weisshaus that occurred prior to April 2007. As such, any claim for prima facie tort predicated on such conduct is barred by the one-year statute of limitations. See Russek v. Dag Media Inc., 851 N.Y.S.2d 399, 400 (1st Dep't 2008). And as for Weisshaus' commencement of the instant action, New York courts "have consistently refused to allow retaliatory lawsuits based on prima facie tort predicated on the malicious institution of a prior civil action." Curiano, 469 N.E.2d at 1327 (citation omitted). Accordingly, Fagan's counterclaim fails to state a claim for prima facie tort.

17

In sum, even when the allegations in Fagan's counterclaim are construed liberally, and all reasonable inferences in are drawn in Fagan's favor, his counterclaim fails to state a claim upon which relief can be granted.  Accordingly, Fagan's counterclaim against Weisshaus is dismissed.

6.   Leave to Amend

In his May 19, 2010 motion, Fagan requests, inter alia, leave to amend his counterclaim pursuant to Rule 15, Fed. R. Civ. P., which states that leave to amend will be "freely given when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Fagan states that he wishes to incorporate additional factual evidence purportedly obtained during Weisshaus' December 2009 deposition, specifically her admission to "financially supporting the editor of 'The Black Star News' who helped her publish disparaging and/or false articles which were part of the vendetta against [Fagan]."

The Second Circuit has stated that district courts should generally not dismiss pro se complaints without granting leave to amend where a liberal reading of the complaint "gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009) (citation omitted). In this case, however, leave to amend is wholly unwarranted. Fagan has not provided any proposed amended pleading or

identified any plausible claim based on the additional factual
evidence he seeks to incorporate into his counterclaim.
Further, Fagan's request was made more than a month after he
failed to even respond to Weisshaus' motion to dismiss.  In
addition, permitting Fagan to amend his counterclaim at this
late stage of the litigation -- <u>i.e.</u>, after the close of
discovery and after summary judgment practice -- would result in
severe prejudice to Weisshaus.  Accordingly, Fagan's request to
amend his counterclaim is denied.[7]

---

[7] The remaining requests in Fagan's May 19, 2010 motion are moot
given that Weisshaus' claims against him are dismissed.

CONCLUSION

For the foregoing reasons, Weisshaus' March 8, 2010 motion

for summary judgment is denied and Fagan's March 8, 2010 motion

for summary judgment is granted.  Weisshaus' March 26, 2010

motion styled "Motion for Dismissal of Defendant's Summary

Judgment" is denied.  Weisshaus' claims are dismissed with

prejudice.  Weisshaus' March 8, 2010 motion to dismiss Fagan's

counterclaim is granted and Fagan's May 19, 2010 motion to amend

his counterclaim is denied.  Fagan's counterclaim is dismissed

with prejudice.  Fagan's additional requests in the May 19, 2010

motion are denied as moot.  The Clerk of Court shall close the

case.


SO ORDERED:

Dated:    New York, New York
          July 15, 2010

                                    _____
                                         DENISE COTE
                                    United States District Judge

20